UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAY QUIGLEY, | : | No. 3:25-CV-1822 (SVN) |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| PAPPOOSHA *et al.*, | : | |
| *Defendants*. | : | December 9, 2025 |

### ORDER DENYING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff Jay Quigley, an inmate incarcerated within the Connecticut Department of Correction, has filed a *pro se* complaint against various defendants, alleging violations of his constitutional rights under of 42 U.S.C. § 1983. He has also filed a motion for leave to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915—that is, he seeks to commence this suit without prepaying the $402 filing fee. *See* Mot., ECF No. 2.

**I.     LEGAL STANDARD**

It is well settled that the decision to proceed *in forma pauperis* in civil cases is committed to the sound discretion of the district court. *See Rahimi v. Sec'y of Navy*, No. 3:19-CV-01852 (JAM), 2019 WL 6529458, at *2 (D. Conn. Dec. 4, 2019). In exercising this discretion, the Court must determine whether the burden of paying the fees for filing and service would either hamper the plaintiff's ability to obtain the necessities of life or force him to abandon the action. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948); *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam). The statute governing *in forma pauperis* proceedings contemplates that, in making this determination, courts will examine "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).

A prisoner's necessities of life are different than a non-prisoner's. For instance, inmates have many of their essential needs, such as "food, shelter, clothing, and medical care" paid for by the State. *Nicholas v. Tucker*, 114 F.3d 17, 20 (2d. Cir 1997) (quoting *Allen v. Cuomo*, 100 F.3d 253, 261 (2d Cir. 1996)). As a result, inmates do not generally "have the need for a continuing source of income that nonprisoners typically may have." *Zipkin v. Heckler*, 790 F.2d 16, 18 (2d Cir. 1986). Accordingly, the Court may consider a prisoner's lack of expenses when evaluating whether his *in forma pauperis* motion should be granted.

Furthermore, the Court may consider not only the plaintiff's personal resources, but also the resources of persons who support him. *Scott P. v. Kijakazi*, No. 3:22-CV-01228, 2022 WL 16640788, at *1 (D. Conn. Oct. 6, 2022) (citing *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002)). These can include people such as a "spouse, parent, adult sibling, or other next friend" who provide the plaintiff with the "necessities of life." *Fridman*, 195 F. Supp. 2d. at 537 (quoting *Williams v. Spencer*, 455 F. Supp. 205, 208–09 (D. Md. 1978)). In other words, if the plaintiff is supported or assisted by another person, the Court "may consider that person's ability to pay the filing fee." *Dan M. v. Kijakazi*, No. 3:22-CV-00664, 2022 WL 2069112, at *12 (D. Conn. May. 19, 2022) (quoting *Pierre v. City of Rochester*, No. 16-CV-6428, 2018 WL 10072449, at *1 (W.D.N.Y. Dec. 13, 2018)).

## II.    DISCUSSION

Plaintiff's motion to proceed *in forma pauperis* is denied.

Plaintiff filed his Complaint on October 29, 2025, ECF No. 1, and provided his Trust Account Statement, ECF No. 4. The last entry on his account statement, which is dated October 27, 2025, shows a balance of $737.75 in Plaintiff's account—an amount well above the $402 filing fee. *See* ECF No. 4 at 4. Accordingly, Plaintiff could have paid the fee when he filed his

Complaint on October 29, 2025, and there still would have been approximately $335.75 remaining in his account. *See id*.

Moreover, Plaintiff's account statement reflects that he received credits and deposits totaling $250.00 in May, $400.00 in June, $399.96 in July, $150.00 in August, $484.34 in September, and $103.30 in October, for a combined total of $1,787.60 in deposits and credits received in the six-months preceding the filing of this suit. *See id*. at 2-4. Although Plaintiff's certification represents that the average amount of monthly deposits during the six-month period from May of 2025 through October of 2025 was $92.17, *id*. at 1, when calculating the $1,787.60 worth of total deposits and credits Plaintiff received throughout those six months, the Court finds that the average monthly deposits and credits during this period equate to approximately $297.93, *see id*. at 2-4.

Plaintiff also attests that he spends approximately $75.00 per month on food and coffee. *See* ECF No. 2 at 2. But his six-month trust account statement indicates that he spent significantly more than that amount in commissary purchases in the preceding six-months. *See* ECF No. 4 at 2-4. "All litigants must make decisions about how to spend their money when they are contemplating litigation." *Clark v. Pappoosha*, No. 3:21-CV-1690 (CSH), 2022 WL 960296, at *1 (D. Conn. Mar. 30, 2022) (quoting *Brown v. Ruiz*, No. 3:20-CV-1202 (KAD), 2020 WL 6395480, at *1 (D. Conn. Nov. 2, 2020)). "If every inmate were permitted to simply spend funds in the canteen to avoid paying a filing fee, the *in forma pauperis* review would be a waste of time and effort." *Brown*, 2020 WL 6395480, at *1 (italics added) (quoting *Briand v. Florida*, No. 4:06CV104-WS, 2006 WL 1890189, at *1 (N.D. Fla. July 10, 2006)).

At the time of filing his Complaint, Plaintiff had sufficient funds in his Trust Account to pay the filing fee. And even after paying the filing fee, Plaintiff would have had more than enough

3

funds leftover in his account to spend the remainder of his funds how he so chooses. As such, on the present record, the Court cannot conclude that requiring Plaintiff to pay the filing fee would force him to choose between obtaining the necessities of life or not pursuing this action.

### III.     CONCLUSION

Given that Plaintiff's account balance currently reflects a balance well above the amount of the filing fee, and for the other reasons explained in this ruling, Plaintiff's motion for leave to proceed *in forma pauperis*, ECF No. 2, is **DENIED**. All further proceedings in this action will be held in abeyance for thirty (30) days pending Plaintiff's delivery of the filing fee in the amount of $402.00 (money order or bank check made payable to the Clerk of Court) to the Clerk's Office, 915 Lafayette Blvd., Bridgeport, Connecticut 06604. Failure to tender the filing fee by **January 9, 2026**, will result in the dismissal of this action.

**SO ORDERED** at Hartford, Connecticut, this 9th day of December, 2025.

 */s/ Sarala V. Nagala*
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE